UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SKYE H. VEHR,**

    **Plaintiff,**

    v.

                                      **Civil Action 2:13-cv-599**
                                      **Judge James L. Graham**
                                      **Magistrate Judge Elizabeth P. Deavers**

**UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES,** *et al.,*

    **Defendants.**

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Skye H. Vehr, a resident of Ohio who is proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint.

### I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>   *  *  *
>
> (B) the action or appeal--
>
>  (i) is frivolous or malicious;
>
>  (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, Section 1915(e) requires *sua sponte* dismissal of an action upon a court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

  To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

---

[1]Formerly 28 U.S.C. § 1915(d).

2

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"  *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## II.

All three of Plaintiff's purported claims must be dismissed.  First, Plaintiff alleges that the United States Social Security Administration wrongfully denied her claim for disability benefits.  (Compl. 3, ECF No. 1-2.)  The entirety of Plaintiff's allegations in this respect is that she has sought disability benefits since 2000, and that "most recently [the Social Security Administration] did not award [her] benefits again although their paperwork clearly states

3

multiple facets of [her] disability, [and] they did not finish by the award date or date of determination." (Compl. 3, ECF No. 1-2.)  A plaintiff seeking review of a denial of a claim for social security benefits must first comply with specific procedural steps in order to invoke a district court's jurisdiction.  42 U.S.C. § 405(g); *see also Pohlmeyer v. Sec'y of Health & Human Servs.*, 939 F.2d 318, 320 (6th Cir. 1991) (recognizing the elements necessary to invoke a district court's jurisdiction to review a denial of a claim for social security benefits).  For example, a plaintiff must first exhaust all her administrative remedies and may only seek judicial review once the Commissioner issues a final decision.  *Pohlmeyer*, 939 F.2d at 320.  Here, Plaintiff fails to make any allegations from which this Court could reasonably infer that she has complied with the necessary steps to invoke its jurisdiction over her claim.  She does not allege that the Commissioner issued a final decision in her case, or that she exhausted her administrative remedies.  Nor does the Complaint set forth any other indication that Plaintiff followed the proper procedural steps in this case.  Accordingly, the claim in Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted.

  Plaintiff's claim against the United States Department of Health and Human Services for the alleged discontinuation of her welfare benefits must also be dismissed.  (Compl. 3, ECF No. 1-2.)  Plaintiff alleges that she has been pregnant for four years.  *Id.*  According to the Complaint, although she provided a witness statement to the Department of Health and Human Services, apparently to corroborate the pregnancy, her benefits were discontinued because the statement was supplied by a faith-based person or group rather than a medical doctor.  *Id.*  In other words, Plaintiff alleges that her welfare benefits were discontinued because she provided insufficient proof of her four-year-long pregnancy.  Because it is rooted in factual allegations that exceed the bounds of possibility, Plaintiff's claim must be dismissed as frivolous pursuant to

28 U.S.C. § 1915(e).

Finally, Plaintiff's purported claim against the United States Department of Labor and Unemployment must also be dismissed. The allegations attributable to this Defendant are incomprehensible. Plaintiff alleges that she has been "disabled too long for work criteria." (Compl. 3, ECF No. 1-2.) She continues with the following allegations: "Original Action: Relief same day prior to later certification [illegible]." *Id.* She goes on: "Action: This economy is always only supported [illegible] Zoe & Zany law; religious not medical ok." *Id.* These allegations not only lack comprehensibility, but they fail to provide factual context from which the Court could reasonably infer that the Department of Labor and Unemployment violated Plaintiff's rights. Plaintiff has thus failed to satisfy the basic federal pleading requirements of Rule 8(a). *Twombly*, 550 U.S. at 555. It is, therefore, **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S. C. § 1915(e)(2)(B)(ii).

### III.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the

magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

    **IT IS SO ORDERED**.

Date: July 8, 2013                            /s/ *Elizabeth A. Preston Deavers*
                                                                  Elizabeth A. Preston Deavers
                                                                  United States Magistrate Judge