UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**SKYE H. VEHR,**

    **Plaintiff,**

                                                    **Civil Action 2:13-cv-599**
    v.                                                **Judge James L. Graham**
                                                **Magistrate Judge Elizabeth P. Deavers**

**UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES,** *et al.,*

    **Defendants.**


**REPORT AND RECOMMENDATION**

       Plaintiff initiated this action on June 21, 2013 by filing a Motion for Leave to Proceed Without Prepayment of Fees and a proposed Complaint.  (ECF No. 1.)  She purports to assert claims against the United States Department of Health and Human Services, the United States Department of Labor & Unemployment, and the United States Department of Social Security.  (ECF No. 2.)  On July 8, 2013, this Court granted Plaintiff's Motion to Proceed Without Prepayment of Fees and directed the Clerk to file her Complaint.  (ECF No. 3.)  Upon conducting an initial screen of Plaintiff's Complaint pursuant to 42 U.S.C. § 1915(e), the Magistrate Judge recommended that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief can be granted.  *Id.*  That same day, Plaintiff filed what she captioned as a "Request for Motion: Order to Pay Fees [and] Costs."  (ECF No. 4.)  Plaintiff's filing includes what appear to be additional allegations in support of her purported claims, as well as a more specific prayer for relief.  *Id.*  Accordingly, the Court construes Plaintiff's filing as a Motion to Amend Complaint.  Upon consideration of Plaintiff's Motion to Amend Complaint, it is

**RECOMMENDED** that Plaintiff's Motion be **DENIED** as futile.

## I.

In her Complaint, Plaintiff purports to assert a claim against the Social Security Administration for the wrongful denial of her claim for disability benefits. (Compl. 3, ECF No. 1-2.) The entirety of her allegations in this regard is that she has sought disability benefits since 2000, and that "most recently [the Social Security Administration] did not award [her] benefits again although their paperwork clearly states multiple facets of [her] disability, [and] they did not finish the award date or date of determination." *Id.* She also alleged that the Department of Health and Human Services wrongfully discontinued her welfare benefits because she provided insufficient proof that she has been pregnant for over four years. *Id.* Finally, the Complaint includes illegible allegations against the Department of Labor and Unemployment. Specifically, Plaintiff alleges that she has been "disabled too long for work criteria"; and that "[t]his economy is always only supported [illegible] Zoe & Zany law; religious not medical ok." *Id.*

In the instant Motion to Amend Complaint, Plaintiff adds allegations against the three Defendants named in her Complaint and includes a more specific prayer for relief. More specifically, Plaintiff alleges that she was denied disability benefits despite having one leg that is slightly longer than the other. (Mot. 2, ECF No. 4.) She contends that this condition, "compounded by injury," prohibits her from working. *Id.* She alleges that she has been applying for disability benefits since she was fifteen years old. *Id.* at 3. Although she worked for sixteen years after she originally sought disability benefits, Plaintiff alleges that she is now unable to work and is entitled to benefits.

Plaintiff also adds allegations regarding the Department of Health and Human Services' denial of welfare benefits. Plaintiff again alleges that she has been pregnant for four years. *Id.*

2

She states that her pregnancy has lasted four years "due to where [she] live[s] being unhealthy." *Id.*  Specifically, Plaintiff alleges that her mother and father threaten her and poison her with "diet pills and things." *Id.*  She also attributes the length of the pregnancy to "breaks" in welfare coverage. *Id.*  Further, Plaintiff alleges that she believes she is pregnant with "multiples." *Id.*  She contends that she sought additional welfare benefits based on her status as carrying multiples, but was denied.  Finally, Plaintiff alleges that the Department of Health and Human Services denied her further benefits "for being non-medical," even though she had a "Christian science statement." *Id.*

Lastly, Plaintiff alleges that the Department of Labor and Unemployment "denied [her]," and that their qualifications are unfair." *Id.* at 4.  Plaintiff seeks back payments of social security benefits for thirteen years; back payments of welfare benefits, including benefits for carrying multiples; and back payments of unemployment benefits for three years.  She estimates her damages to be approximately $82,000.

## II.

Under Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Accordingly, when a party decides "to advance a new claim as a result of [] discovery," Rule 15(a) provides for "liberal amendment to the complaint." *Tucker v. Union of Needletrades, Indus. & Textile Emp.*, 407 F.3d 784, 788 (6th Cir. 2005).  "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, *or would be futile*.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)) (emphasis added).  A court may deny a motion for leave to amend for futility if the amendment could not

3

withstand a motion to dismiss.  *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

Here, Plaintiff's Motion to Amend her Complaint must be denied as futile.  For the same reasons the Magistrate Judge identified in her July 8, 2013 Report and Recommendation, Plaintiff's proposed Amended Complaint fails to state a claim upon which relief may be granted.  (Report and Recommendation of the Magistrate Judge, 3-5, ECF No. 3.)  First, Plaintiff's proposed Amended Complaint contains no indication that she complied with the procedural steps required to invoke this Court's jurisdiction over a claim for social security benefits.  *See id.* at 4 (citing *Pohlmeyer v. Sec'y of Health & Human Servs.*, 939 F.2d 318, 320 (6th Cir. 1991)) (recommending dismissal of Plaintiff's purported claims against the Social Security Administration for failure to exhaust administrative remedies).

Second, Plaintiff's allegation of a four-year pregnancy, upon which her purported claim against the Department of Health and Human Services relies, exceeds the bounds of possibility.  *See id.* (recommending dismissal due to the impossibility of Plaintiff's allegations).  Her purported claims against this Defendant must therefore be dismissed as frivolous and for failure to state a claim upon which relief can be granted.

Finally, Plaintiff's proposed amendments with respect to the Department of Labor and Unemployment are incomprehensible and thus fail to provide a factual context from which this Court could reasonably infer that Plaintiff's rights have been violated.  *See id.* at 5 (same).  Accordingly, because Plaintiff's proposed Amended Complaint could not withstand a Motion to Dismiss, her Motion to Amend Complaint is subject to denial as futile.  *Riverview Health Inst.*, 601 F.3d at 512; *Midkiff*, 409 F.3d at 767.  It is, therefore, **RECOMMENDED** that Plaintiff's

Motion to Amend Complaint be **DENIED**.  (ECF No. 4.)

**III.**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED**.

Date: July 9, 2013                                   /s/ *Elizabeth A. Preston Deavers*
                                                          Elizabeth A. Preston Deavers
                                                          United States Magistrate Judge