IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Skye H. Vehr,

      Plaintiff,

      v.                       Case No. 2:13-cv-599

United States Department of
Health and Human Services,
et al.,

      Defendants.

ORDER

    Plaintiff Skye H. Vehr, an Ohio resident who is proceeding without the assistance of counsel, brings this action against the United States Department of Health and Human Services, the United States Social Security Administration, and the United States Department of Labor and Unemployment.  The magistrate judge conducted an initial screen of plaintiff's complaint pursuant to 28 U.S.C. §1915(e)(2).  In an initial screen report and recommendation filed on July 8, 2013, the magistrate judge granted plaintiff's request to proceed in forma pauperis, but recommended that plaintiff's complaint be dismissed for failure to state a claim and to satisfy the basic pleading requirements of Fed. R. Civ. P. 8(a). See Doc. 3.  On July 8, 2013, plaintiff filed a document entitled "Request for Motion: Order to Pay Fees [and} Costs" in which she made additional statements concerning her claims.  See Doc. 4.  In a report and recommendation filed on July 9, 2013, the magistrate judge construed this motion as a motion to amend the complaint, and recommended that the motion be denied because amendment would be futile.  See Doc. 5.

    This matter is before the court for consideration of

plaintiff's objections (Docs. 8 and 9) to the magistrate judge's reports and recommendations. If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

As the magistrate judge correctly explained, 28 U.S.C. §1915(e) requires sua sponte dismissal of an action upon the court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. Courts conducting initial screens under §1915(e) apply the motion to dismiss standard. See, e.g., Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§1915A and 1915(e)(2)(B)(ii)).

Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory."

2

Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. Id. While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level" and "state a claim that to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). Where the facts pleaded do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief as required under Federal Rule of Civil Procedure 8(a)(2). Id.

Plaintiff asserted in her complaint that the Department of Health and Human Services wrongfully discontinued her welfare benefits because she has been pregnant for four years, a frivolous claim under 28 U.S.C. §1915(e)(2)(B)(i). Plaintiff further contended that the Department erroneously refused to accept a statement supplied by a faith-based group rather than a medical doctor. Plaintiff also claimed that the Social Security Administration wrongfully denied her claim for disability benefits, but included no facts in her complaint indicating that she had properly exhausted all of her administrative remedies, or that the Commissioner of Social Security had issued a final decision in her case. Her claims against the Department of Labor are vague and incomprehensible. The court agrees with the reasoning and conclusions of the magistrate judge that plaintiff failed to allege sufficient facts in her complaint to state a claim for relief against any of the defendants.

The court has also reviewed plaintiff's objections. In her

objections to the report and recommendation of July 8, 2013, plaintiff makes no statement or argument which addresses the deficiencies in her complaint. Her objections fail to establish that the analysis and conclusions of the magistrate judge were incorrect. In her objections to the report and recommendation of July 9, 2013, plaintiff asserts that she did not intend for her motion of July 8, 2013, to be anything other than a request for payment of fees and costs. The court notes that the magistrate judge had previously granted plaintiff's request for leave to proceed in forma pauperis, thereby waiving the payment of any filing fee and costs. In light of the additional statements concerning plaintiff's claims which were included in that motion, the court finds that the magistrate judge did not err in liberally construing the motion as being one to amend and supplement plaintiff's complaint. The magistrate judge correctly concluded that, even taking into account those additional facts, the complaint failed to state a claim for relief against the defendants. Having reviewed the reports and recommendations and plaintiff's objections in accordance with 28 U.S.C. § 636(b)(1) and Rule 72(b), the court finds that plaintiff's objections are without merit.

For the foregoing reasons, the court overrules plaintiff's objections (Docs. 8 and 9), and adopts the magistrate judge's July 8, 2013, report and recommendation (Doc. 3) and July 9, 2013, report and recommendation (Doc. 5). Insofar as the motion for payment of fees (Doc. 4) is construed as a motion to amend the complaint, the motion is denied, as amendment would be futile. Insofar as the motion requests the payment of fees and costs, it is

4

denied as moot.  This action is hereby dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted.  The clerk shall enter judgement dismissing this case.

Date: September 25, 2013      _____s/James L. Graham_____
                             James L. Graham
                             United States District Judge